# Exhibit F

WILMERHALE

June 16, 2020

**VIA EMAIL (SHONECKA@ADR.ORG)**

Jonathan E. Paikin

+1 202 663 6703 (t)
+1 202 663 6363 (f)
jonathan.paikin@wilmerhale.com

Adam Shoneck
Assistant Vice President
American Arbitration Association
International Centre for Dispute Resolutions
1301 Atwood Ave., Suite 211N
Johnston, RI 02919

    Re:    Aaron Hammond v. TurboTax, Intuit Inc. - Case 01-19-0003-1980

Dear Mr. Shoneck:

    This letter is to inform the AAA that pursuant to the suggestion in the AAA's April 24 letter, Shoneck Apr. 24 Ltr. at 1, Intuit has sought judicial intervention with respect to 9,933 pending arbitrations, and to request that the AAA abide by its rules and stay all action in those arbitrations for at least 30 days.

    On February 10 and March 13, Intuit served written notice of its election to have a total of 9,933 arbitration demands transferred to small claims court, pursuant to AAA Consumer Rule 9(b).  Rather than administratively closing those cases as required by Rule 9(b), however, the AAA solicited Keller Lenkner's response to Intuit's elections.  The AAA then informed the parties that their "contentions regarding the applicability" of Rule 9(b) presented "arbitrability disputes that must be resolved by an arbitrator(s)," and that it would "proceed with administration of each individual case under the Consumer Rules."  Shoneck Mar. 6 Ltr. at 1; Shoneck Apr. 9 Ltr. at 1.  The AAA further notified Intuit that the resulting arbitrations are subject to California Code of Civil Procedure sections 1281.97 and 1281.98 (enacted as Senate Bill 707), and that Intuit's initial filing fees were accordingly due to the AAA by the statutorily imposed deadlines.  Shoneck Mar. 6 Ltr. at 1; Shoneck Apr. 9 Ltr. at 2.  Intuit has paid those filing fees under protest.

    On April 20, Intuit again objected to proceeding with these 9,933 cases in manifest disregard of Rule 9(b) and the AAA's Consumer Due Process Protocol.  Cole Apr. 20 Ltr. at 1.  Intuit further objected to the AAA's refusal to allow an appeal of that action to the Administrative Review Council.  *Id*. at 2.

    On April 24, the AAA stated that it will proceed with the administration of these cases, and that the Rule 9(b) issue can be presented 9,933 separate times to the arbitrators appointed to each arbitration; meaning that Intuit would have to pay $28,805,700 (in addition to the $2,979,900 in initial fees already paid) to determine whether any of the fees were owed in the first place.  Shoneck Apr. 24 Ltr. at 1.  The AAA, however, invited Intuit to seek judicial intervention to resolve this issue, stating:  "please be advised that the AAA will also abide by any

**WILMERHALE**

Adam Shoneck
June 16, 2020
Page 2

court order directed to the parties specifying the manner in which the underlying arbitrations should, or should not, proceed." *Id*.

On June 12, Intuit thus filed an action in Los Angeles County Superior Court seeking judicial intervention with respect to the arbitration demands filed by the 9,933 claimants identified in Exhibit A of the attached complaint. Intuit's complaint seeks, *inter alia*, a declaration that its small-claims-court elections require administrative closure of these 9,933 cases by the AAA, a declaration that Senate Bill 707 is preempted by the Federal Arbitration Act, and an order enjoining further proceedings in these 9,933 cases before the AAA.

In light of its request for judicial intervention, Intuit expects that the AAA will suspend all action in these 9,933 arbitrations pursuant to AAA Consumer Rule 1(f), which provides that "the AAA will suspend administration for 30 days" if, "within 30 days after the AAA's commencement of administration, a party seeks judicial intervention with respect to a pending arbitration and provides the AAA with documentation that judicial intervention has been sought." Suspension of these arbitrations is not only required by the plain text of Rule 1(f); it is also necessary to ensure the AAA's ability to keep its commitment to "abide by any court order directed to the parties specifying the manner in which the underlying arbitrations should, or should not, proceed." Shoneck Apr. 24 Ltr. at 1.

Please confirm that administration of these arbitrations, including the initiation of any additional cases, will be suspended.

Sincerely,

*Jonathan E. Paikin*

Jonathan E. Paikin

cc: Warren Postman, Keller Lenkner (via email (wdp@kellerlenkner.com))
Christine Newhall, Senior Vice President, AAA (via email (NewhallC@adr.org))
Eric P. Tuchmann, General Counsel, AAA (via email (TuchmannE@adr.org))



Northeast Case Management Center
Neil Currie
Vice President
1301 Atwood Avenue, Suite 211N
Johnston, RI 02919
Telephone: (866)293-4053
Fax: (866)644-0234

June 16, 2020

Warren D. Postman, Esq.
Keller Lenkner LLC
150 North Riverside Plaza
Suite 4270
Chicago, IL 60611
**Via Email to: wdp@kellerlenkner.com**

Rodger Cole, Esq.
Fenwick & West, LLP
801 California Street
Mountain View, CA 94041-2009
**Via Email to: rcole@fenwick.com**

Dear Counsel,

The AAA is in receipt of correspondence dated June 16, 2020 from Jonathan Paikin, counsel for the respondent, which included a Complaint for Declaratory and Injunctive Relief. The complaint seeks judicial intervention of 9,933 of the 10,497 cases filed by the consumers against the respondent. Pursuant to R-1(f) of the AAA's Consumer Arbitration Rules, the AAA will suspend administration for 30 days to permit the respondent to obtain a stay from the court of the 9,933 arbitration cases. The AAA will proceed with administration of the 564 cases filed by the consumers not covered by the respondent's litigation.

The parties are requested to advise the AAA of any determinations of the court. Absent a stay from the court or an agreement of the parties, the AAA will proceed with administration 30 days from the date of this letter.

Should the AAA resume administration of these cases in the future, the AAA will respond to the letter dated June 10, 2020 we received from Mr. Paikin.

Sincerely,

/s/
Adam Shoneck
Assistant Vice President
Direct Dial: (401)431-4798
Email: shonecka@adr.org
Fax: (866)644-0234

cc: Ashley Keller, Esq.
    Jonathan Paikin
    Laurence F. Pulgram, Esq.
    Sean Duddy, Esq.

Tyler G. Newby, Esq.
Blake Roberts, Esq.
Nick Larry, Esq.