# Exhibit G

# WilmerHale

July 10, 2020

**Jonathan E. Paikin**

+1 202 663 6703 (t)
+1 202 663 6363 (f)
jonathan.paikin@wilmerhale.com

**VIA EMAIL (SHONECKA@ADR.ORG)**

Adam Shoneck
Assistant Vice President
American Arbitration Association
International Centre for Dispute Resolutions
1301 Atwood Ave., Suite 211N
Johnston, RI 02919

Re:  Aaron Hammond v. TurboTax, Intuit Inc. - Case 01-19-0003-1980

Dear Mr. Shoneck:

This letter is to inform the AAA that the Los Angeles County Superior Court has not yet assigned a judge to *Intuit Inc. v. 9,933 Individuals*. In light of the delay in assigning a judge, and the Court's limited operations due to the COVID-19 pandemic, Intuit requests that the AAA extend its stay of the underlying arbitrations—which is set to expire on July 16—until August 31 to allow for a judge to be appointed and so that Intuit has a meaningful opportunity to seek relief from the Court. A limited extension of the AAA's existing stay is an appropriate exercise of the AAA's discretion. It is a conscientious response to the pandemic's continuing impact on access to courts and consistent with states' efforts to reduce immediate demand for court relief by tolling deadlines. *See, e.g.*, N.Y. Gov. Exec. Order 202.8 (Mar. 7, 2020) (tolling deadlines for motions, including motions to stay arbitration); N.Y. Gov. Exec. Order 202.48 (July 6, 2020) (extending tolling through August 5, 2020); Cal. Emergency R. 9 (tolling statutes of limitations for civil actions until October 1, 2020).

> 1. *The existing stay should be extended until August 31 so that Intuit has an opportunity to seek relief from a judge assigned to the case.*

On June 12, Intuit filed suit as to the 9,933 arbitrations that it elected to have decided in small claims court under Consumer Rule 9(b). The complaint seeks declaratory and injunctive relief, including a declaration that the AAA was required to administratively close these arbitrations *before* arbitrators are appointed, and that California's recently enacted statutory penalties for non-payment of arbitration fees are preempted by the Federal Arbitration Act. On June 16, Intuit informed the AAA of the pending action and requested a 30-day stay under Consumer Rule 1(f). The AAA granted that request, suspending administration of the arbitrations covered by Intuit's lawsuit until July 16 "to permit [Intuit] to obtain a stay from the court." Shoneck June 16 Ltr. at 1. During this time, however, the Court has been partially closed and conducting limited business due to the COVID-19 pandemic, and as of today's date, Intuit's case still has not been assigned to a judge.

WILMERHALE

Adam Shoneck
July 10, 2020
Page 2

As a result of the Superior Court's delay in assigning the case to a judge, Intuit has had no reasonable opportunity to request relief from the Court.  Until Intuit has such an opportunity, it makes little sense for the AAA to resume administration of these arbitrations.  Although Rule 1(f) *requires* only a 30-day stay, the AAA has discretion to suspend its administration beyond that 30-day mandatory stay.  And doing so here will effectuate Rule 1(f)'s purpose to avoid the expenditure of needless resources by the parties and AAA, and to permit Intuit a reasonable period of time "to obtain a stay of arbitration from the court."  AAA Consumer Arb. R-1(f).  A limited extension until August 31 will allow appropriate time for a judge to be appointed and for Intuit to have meaningful access to the Court.

> 2. *Independently, the AAA should not initiate any new arbitrations for which Intuit has invoked Rule 9(b).*

For the same reasons, and in any event, Intuit likewise requests that the AAA not initiate any new arbitrations covered by the court action—*i.e.*, where Intuit has invoked Rule 9(b).  For the 564 arbitrations that Intuit did not elect to send to small claims court, Intuit continues to have no objection to the AAA proceeding with those arbitrations.  The pace at which the AAA initiates new arbitrations has always been a matter entirely within the AAA's discretion, as demonstrated by the multiple approaches the AAA has now taken—from its initial representation that it could open at most 50 arbitrations per week (thereby taking over four years to initiate all 10,497 arbitrations) to its last schedule before the filing of the lawsuit, which would have had initiation letters for all of those same arbitrations sent within six weeks.  *See* Shoneck May 27 Ltr. at 2. Initiating new cases would serve no purpose other than to needlessly escalate the situation by triggering the clock on millions of dollars in fees for arbitrations that the pending court action will determine whether should proceed.

The claimants here will not be prejudiced by suspending the initiation of new arbitrations.  Given the sheer number of arbitrations that Keller Lenkner has filed, there is no reasonable expectation that any claimant's arbitration will be resolved before summary adjudication of Intuit's Rule 9(b) and preemption claims—purely legal claims that the Court can resolve on an expedited basis without discovery.  In addition, had these claimants wanted their claims promptly decided on the merits, they would have filed the claims in small claims court (or accepted Intuit's invocation of Rule 9(b)) rather than submitting thousands of arbitration demands en masse to the AAA.  Nothing prevents any claimant who wishes to have an individual decision in his or her case from proceeding in small claims court, and having that court rather than an arbitrator decide their claims.  Intuit, on the other hand, will be asked to pay at least $3,200 in fees for the AAA to administer each arbitration—even though claimants themselves spent less than $100 on average to use TurboTax, and many spent nothing at all.

WILMERHALE

Adam Shoneck
July 10, 2020
Page 3

      As noted, the AAA itself committed to "abide by any court order directed to the parties specifying the manner in which the underlying arbitrations should, or should not, proceed." Shoneck Apr. 24 Ltr. at 1. To honor that commitment, and maintain its status as "a neutral, independent … not-for-profit organization," *AAA Consumer Arbitration Rules* 7, the AAA should continue to suspend administration of the covered arbitrations it has already initiated until Intuit has a reasonable chance to seek judicial intervention, and at the very least, it should not initiate any new cases that are the subject of the pending action.

      In sum, Intuit respectfully requests that the AAA:

    (1) extend its existing stay until August 31 in light of the pandemic so as to allow time for a judge to be appointed and to give Intuit a meaningful opportunity to seek relief from the Court; and

    (2) not initiate new arbitrations for which Intuit has invoked Rule 9(b).

Intuit looks forward to the AAA's response and to the sensible management of this matter during the pendency of Intuit's court action.

                                                    Sincerely,

                                                    Jonathan E. Paikin

                                                    Jonathan E. Paikin

cc:    Warren Postman, Keller Lenkner (via email (wdp@kellerlenkner.com))
        Christine Newhall, Senior Vice President, AAA (via email (NewhallC@adr.org))
        Eric P. Tuchmann, General Counsel, AAA (via email (TuchmannE@adr.org))